MARCH TERM, 1866.

17 521
54 319

17 521
63 303

17 521
64 390

ALEXANDER WHYTE, appellant, and WILLIAM H. ARTHUR and CHARLES S. WESTCOTT and others, respondents.

1. The well settled rule of law is, that where the equitable and legal estates unite in the same person, the equitable estate is merged in the legal.

2. A grantor or mortgagor cannot prove by parol, that his deed or mortgage was made in trust for the use and benefit of himself; such proof would be in contravention of the statute of frauds.

3. If the answer denies the trust, such trust must be proved by legal and competent testimony, though the answer does not set up the statute of frauds as a defence to the alleged trust.

4. For many purposes, an original and cross cause in chancery are considered as one suit, and ordinarily heard together, and the rights of all the parties, in respect to the matters litigated, are settled by one decree.

5. This court will presume that the pleadings in the court below, were as recited in the decree.

6. The answer of the defendant to the cross-bill, may be considered as substantially, and for all practical purposes, a replication to the defendant's answer to the original bill.

*Mr. J. E. Cary,* for appellant.

*Mr. A. Mills* and *Mr. Vanatta,* for respondents.

The opinion of the court was delivered by

DALRIMPLE, J. In April, 1862, Arthur and Westcott filed their bill of complaint in the Court of Chancery, against Alexander Whyte, to restrain him from committing waste on certain premises to which they claimed title, situate in the county of Morris. The defendant filed his answer, denying the right of the complainants to the relief sought, upon the ground that he was the equitable owner of the premises in question. He also filed a cross-bill, by which he prayed a decree for a conveyance to himself, by Arthur and Westcott of all their right, title, and interest in and to said premises.

The Court of Chancery decreed in favor of the complainants in the original bill, denied the relief sought by the complainant in the cross-bill, and dismissed the same with costs.

It appears by the pleadings and proofs before us, that on the 28th of September, 1859, Alexander Whyte, by a warranty deed with full covenants, conveyed for a valuable consideration, three certain lots of land, situate in the city of New York, to James Whyte; that some time afterwards, and prior to May, 1860, James Whyte sold and disposed of the same premises last mentioned, and received the consideration money therefor, and purchased therewith the premises in dispute, for which he received a deed from one Daniel Tillotson, on the 12th of May, 1860; that, on the 21st of February, 1861, James Whyte and wife conveyed the Morris county property to Alexander Whyte, by warranty deed, for the consideration of three thousand dollars, subject to a mortgage of six hundred dollars; that, on the same day last mentioned, Alexander Whyte executed a mortgage for twenty-two hundred dollars, to Emma Whyte, on the same premises; that, on the 3d day of October, 1861, Alexander Whyte and wife reconveyed these premises to James Whyte, by deed of warranty, subject to the said mortgages, and on the 31st of the same month of October, James Whyte and wife conveyed them to Arthur and Westcott, to whom Emma Whyte, on the same day, assigned her mortgage of twenty-two hundred dollars. Alexander Whyte continued the actual occupant of the premises so conveyed to, and reconveyed by him, up to the time of the filing of the original bill. The allegation of Alexander Whyte, the appellant, in this court, is that the premises in dispute were purchased for him, and with his money, by his son, James, of Daniel Tillotson, and that James thereupon held the property for him, as his trustee. He must maintain this proposition, or he has no standing in court. The money paid for the property, was the proceeds of the sale of the New York lots, to which James held an absolute fee simple title, at the time he sold and conveyed them. After carefully considering all the facts and circumstances, so fully and ably

presented to us by the counsel of the appellant, they fail to satisfy us that the consideration money received by James, on his sale and conveyance of those lots, in equity, belonged to the appellant. The burden of proof is upon him, and having failed to maintain the fundamental proposition of fact on which his whole right to relief rests, the prayer of his bill must be denied. But assuming that James held the New York property in trust for the appellant, and that when he sold it, the consideration in equity belonged to the appellant, and that the purchase by James, of the premises in dispute, with that money, and the subsequent conveyance of these premises by him to the appellant, was an execution of the trust, the result to which we must come by the well settled rules of law, is that the equitable and legal estates uniting in the same person, the equitable estate was merged in the legal, and the appellant's title was full and complete. Having mortgaged the premises to Emma Whyte for twenty-two hundred dollars, he afterwards conveyed them to James, by a warranty deed in the usual form, and for a valuable money consideration. His claim in this suit is, that this last mentioned conveyance to James, and mortgage to Emma, were made by him in trust for the use and benefit of himself, and undertakes to prove it by parol. This is in direct contravention of the statute of frauds, which enacts that "all declarations of trust or confidences of any lands, tenement, or hereditaments, shall be manifested and proved by some writing, signed by the party who is, or shall be, by law enabled to declare such trust, or by his or her last will in writing, or else they shall be utterly void, and of no effect." *Nix. Dig.* 330. *Hutchinson* v. *Tindall,* 2 *Green's Ch. R.* 357; *Servis* v. *Nelson,* 1 *McCarter* 100; *Squire* v. *Harder,* 1 *Paige* 494; *Rathbun* v. *Rathbun,* 6 *Barb. S. C. R.* 98; *Law of Trusts and Trustees, by Tiffany & Bullard,* 41, 42; *Leman* v. *Whitley,* 4 *Russell* 423.

It was contended on the argument, that the defendants in the cross-bill, not having set up in their answer the defence of the statute of frauds, against the parol trust alleged,

waived it. We think not. The trust is denied. It must be proved by legal and competent testimony. *Van Duyne* v. *Vreeland*, 1 *Beas.* 150. The view we have taken of the case, renders it unnecessary to consider whether, as alleged by the appellant, the conveyance by James Whyte and wife to Arthur and Westcott, was procured by *duress* of imprisonment. The appellant cannot avail himself of that objection, if he had no title to the premises conveyed.

It is contended that the decree of the Chancellor is erroneous, so far forth as it grants the complainants the relief asked for in the original bill, because no replication was filed to the answer of the defendant to that bill, the evidence was not taken in that cause, and in fact, the hearing before the Chancellor was in the cross cause only. For many purposes, an original and cross cause in Chancery are considered as one suit, and ordinarily heard together, and the rights of all the parties, in respect to the matters litigated, are settled by one decree. *Story's Eq. Pl.*, § 400, 401.; 3 *Daniell's Ch. Prac.* 1751, 1752.

The decree before us is entitled in both causes, and recites that the case "came on to be heard upon bill, answer, replication, &c., in the original suit, and upon cross-bill, answer, replication, &c., in the cross suit." If this recital is not true, application should have been made to the Chancellor, to amend the decree according to the facts. This court must presume that the pleadings in the court below were as stated in the decree. The objection is purely technical. If, in fact, no replication was filed in the original cause, (the pleadings in which are not in the printed case,) and objection had been made before the Chancellor at the time of the argument, he would, undoubtedly, have given leave to file a replication *nunc pro tunc*, and have made a formal order that both causes should be heard together upon the pleadings and proofs on file. Besides, the defendants' answer to the cross-bill is substantially, and for all practical purposes, a replication to the defendant's answer to the original bill.

The decree must be affirmed with costs.

The decree of the Chancellor was affirmed by the following vote:

